**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

**April 18, 2024**

**Christopher M. Wolpert**
**Clerk of Court**

JARROD BLANDIN,

    Plaintiff - Appellant,

v.

KEVIN SMITH, in his individual capacity
as New Mexico State Police Officer;
NEW MEXICO DEPARTMENT OF
PUBLIC SAFETY; DANIEL CHAVEZ;
KURTIS WARD; GREGORY RAMIREZ,
in their individual capacities,

    Defendants - Appellees.

No. 23-2175
(D.C. No. 1:22-CV-00228-LF-KK)
(D. N.M.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **MATHESON**, **BALDOCK**, and **McHUGH**, Circuit Judges.
_____

New Mexico state police stopped Jarrod Blandin at a DUI checkpoint. Things quickly went awry. Mr. Blandin became agitated, yelling at officers and ignoring their commands. Eventually Officer Kevin Smith tackled Mr. Blandin (who by that point had gotten out of the car) and arrested him.

---

[*] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

After the dust settled, Mr. Blandin filed this civil-rights lawsuit under 42 U.S.C. § 1983. He raised claims under the Fourth and Fourteenth Amendments against Officer Smith alleging unlawful arrest, unlawful search, and excessive force. He also raised claims under the Fourth and Fourteenth Amendments against other officers for their failure to intervene against Officer Smith's alleged excessive force.

The officers moved for summary judgment, asserting qualified immunity. "When a defendant asserts qualified immunity in a summary judgment motion, the plaintiff must show that (1) a reasonable jury could find facts supporting a violation of a constitutional right and (2) the right was clearly established at the time of the violation." *Wilkins v. City of Tulsa*, 33 F.4th 1265, 1272 (10th Cir. 2022). "If, and only if, the plaintiff meets this two-part test does a defendant then bear the traditional burden of the movant for summary judgment—showing that there are no genuine issues of material fact and that he or she is entitled to judgment as a matter of law." *Nelson v. McMullen*, 207 F.3d 1202, 1206 (10th Cir. 2000) (internal quotation marks omitted).

Mr. Blandin's summary-judgment response "made little, if any, attempt to meet his heavy two-part burden." *Rojas v. Anderson*, 727 F.3d 1000, 1003 (10th Cir. 2013) (internal quotation marks omitted). As the district court put it, his response offered "no discussion of how" the officers' actions violated his constitutional rights, and he failed "to discuss whether the rights at issue were clearly established." R. at 249. He instead asserted—without citing evidence or legal authority—that

2

"there is no dispute that the Plaintiff has a clearly established constitutional right to be free from unreasonable search and seizure."  R. at 173.

Mr. Blandin's "vague and conclusory statements," the district court concluded, could not overcome qualified immunity.  R. at 250.  And so the district court granted summary judgment to the officers.[1]

We review the district court's decision de novo, *Rojas*, 727 F.3d at 1003, and we have no trouble concluding it was correct.  Mr. Blandin's inadequate response failed to meet his burden, so the officers "were entitled to qualified immunity." *Id.* at 1004.

Mr. Blandin's opening brief contains the same flaws as his district-court response.  The brief recites his version of events without citing evidence.  And it lacks a complete citation to a single case that might show the officers violated his rights.  In a section suggesting the summary-judgment decision was part of a "judicial cover up," the opening brief lists eighteen cases.  Aplt. Opening Br. at 6, 8–9.  But the brief fails to provide complete citations for these cases, identifying only the name of each case, the year of each decision, and (for a few cases) the state in which the case arose.  Although the brief tersely describes each case, it makes no

---

[1] In addition to granting summary judgment on the claims mentioned in this decision, the district court dismissed other claims that Mr. Blandin had raised against the officers and the New Mexico Department of Public Safety.  Mr. Blandin develops no coherent challenge to the dismissal orders in his opening brief, so he has waived any such challenge. *See Adler v. Wal-Mart Stores, Inc.*, 144 F.3d 664, 679 (10th Cir. 1998).  He cannot undo that waiver by raising the challenges in his reply brief. *See White v. Chafin*, 862 F.3d 1065, 1067 (10th Cir. 2017).

attempt to explain why the cases suggest the officers in this case are not immune. And in place of analysis, the brief offers mere conclusions—for example, that "Officer Smith's actions on the night in question constituted a flagrant violation of the appellant's constitutional rights on multiple fronts." *Id.* at 12. In short, Mr. Blandin's briefing gives us no reason to doubt the district court's decision.

We recognize that Mr. Blandin represents himself. We have therefore construed his filings liberally. *See Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005). But we can go only so far. We cannot assume the role of an advocate by searching the record or constructing arguments for Mr. Blandin. *Id.* Staying within the boundaries of our judicial role, we have no choice but to affirm the district court.

The district court properly accounted for Mr. Blandin's pro se status, too. We see no support for his contention that the district court "exploited" mistakes he made as a pro se litigant "in an effort to shield Officers from accountability." Aplt. Opening Br. at 9. True enough, the district court required Mr. Blandin to comply with the procedural rules governing all litigants. But there was nothing wrong with that. *See Garrett*, 425 F.3d at 840.

The district court also applied the proper summary-judgment standards. Arguing otherwise, Mr. Blandin insists that genuine disputes exist over material facts. This argument suffers from at least two problems. First, Mr. Blandin tried to create factual disputes by citing the allegations in his complaint. At summary judgment, however, mere allegations do not suffice; they must be supported with

4

evidence. *Serna v. Colo. Dep't of Corr.*, 455 F.3d 1146, 1150–51 (10th Cir. 2006). And although courts may treat a complaint "as an affidavit if it alleges facts based on the plaintiff's personal knowledge and has been sworn under penalty of perjury," *Hall v. Bellmon*, 935 F.2d 1106, 1111 (10th Cir. 1991), Mr. Blandin's complaint was unsworn. Second, because Mr. Blandin "failed to meet his burden on the *legal* qualified immunity question," the burden never shifted back to the officers to show that no genuine dispute existed over a material fact and that they were entitled to judgment as a matter of law. *Rojas*, 727 F.3d at 1005.

\*    \*    \*

We affirm the district court's judgment. We deny Mr. Blandin's motion "requesting the admission of new video evidence," Mot. at 1, because we "generally limit our review on appeal to the record that was before the district court when it made its decision," *Regan-Touhy v. Walgreen Co.*, 526 F.3d 641, 648 (10th Cir. 2008).

Entered for the Court

Carolyn B. McHugh
Circuit Judge